UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1336

FIRST PENN-PACIFIC LIFE INSURANCE COMPANY,

Plaintiff - Appellant,

versus

WILLIAM R. EVANS, Chartered; MARYLAND FIRST
FINANCIAL SERVICES CORPORATION,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (CA-01-
680-AMD)

Argued:  May 23, 2006                    Decided:  July 14, 2006

Before WILKINSON and NIEMEYER, Circuit Judges, and Henry F. FLOYD,
United States District Judge for the District of South Carolina,
sitting by designation.

Vacated and remanded with instructions by unpublished per curiam
opinion.

**ARGUED:** Hugh Michael Bernstein, FUNK & BOLTON, P.A., Baltimore,
Maryland, for Appellant.  David G. Sommer, GALLAGHER, EVELIUS &
JONES, L.L.P., Baltimore, Maryland, for Appellees.  **ON BRIEF:** Bryan
D. Bolton, FUNK & BOLTON, P.A., Baltimore, Maryland, for Appellant.
Paul S. Caiola, GALLAGHER, EVELIUS & JONES, L.L.P., Baltimore,
Maryland, for Appellee Maryland First Financial Services
Corporation.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On March 6, 2001, plaintiff First Penn-Pacific Life Insurance Company filed suit in federal court against William R. Evans, Chartered, seeking rescission of a life insurance policy that it had issued to Stanley Moore. First Penn-Pacific alleged that the Moore policy was void due to fraudulent misrepresentations and lack of an insurable interest. Moore had assigned the policy to Evans, who served as an escrow agent for Answer Care, Inc., a viatical settlement company. In a viatical settlement, investors purchase interests in the life insurance policy of a terminally ill insured. The insured sells the policy at less than face value, and the investors recognize a return when the insured dies.

Prior to the initiation of the above action, the Maryland Securities Commissioner had separately filed suit against Answer Care in Maryland state court, alleging that Answer Care's viatical settlements were fraudulent and violated Maryland securities laws. The Circuit Court for Baltimore City froze Answer Care's assets, and, inter alia, appointed Maryland First Financial Services Corporation to serve as receiver for Answer Care.

Maryland First Financial claimed that, as Answer Care's receiver, it had an interest in the Moore policy, and on June 19, 2001, the district court granted Maryland First Financial's request to intervene in First Penn-Pacific's 2001 rescission suit. Subsequently, it granted the receiver's motion to dismiss First

3

Penn-Pacific's suit without prejudice on grounds of Burford abstention, finding that federal court resolution of First Penn-Pacific's claim would interfere with the ongoing Answer Care receivership proceedings in Maryland state court. See Burford v. Sun Oil Co., 319 U.S. 315 (1943). On appeal, we held that the district court did not abuse its discretion in abstaining under Burford. See First Penn-Pacific Life Ins. Co. v. Evans, 304 F.3d 345, 346 (4th Cir. 2002). Like the court below, we recognized that the parties disagreed as to whether the Moore policy was in fact an asset of the receivership estate, and that this was the subject of some dispute in the state receivership proceedings. Id. at 350. We explained, however, that "[r]egardless of the resolution of this issue on appeal, it shows that the present situation is rife with the potential for conflict." Id.

First Penn-Pacific meanwhile on June 5, 2002 refiled its rescission claim in a special claims process set up within the Answer Care state receivership proceedings. On July 21, 2003, however, the Court of Special Appeals of Maryland held that the receivership estate lacked an ownership interest in various life insurance policies, including the Moore policy. See Goodman v. Lubin, No. 2067, slip op. at 2 (Md. Ct. Spec. App. July 21, 2003). As a result, the state receivership court dismissed First Penn-Pacific's suit without prejudice.

4

First Penn-Pacific thereafter on February 7, 2005 filed two motions in federal court under Federal Rule of Civil Procedure 60(b), seeking to reopen its 2001 federal lawsuit and requesting reconsideration of the district court's order allowing the receiver to intervene in that suit. Several days later, First Penn-Pacific also filed a new action against Evans in federal court, which once again sought rescission of the Moore policy. This 2005 suit was based on the same factual allegations as the original 2001 suit. The district court subsequently denied First Penn-Pacific's Rule 60(b) motions, finding that the new 2005 suit mooted any need to reopen the older proceedings. It further stated in a subsequent order that "there is no reason to suppose any prejudice will inure to [First Penn-Pacific] from a refusal to 'reconsider' a final judgment long-since affirmed on appeal."

First Penn-Pacific now appeals the district court's denial of its Rule 60(b) motions, contending that relief is appropriate under both Rules 60(b)(5) and (b)(6). It argues that while it has filed a new lawsuit against Evans, a reopening of the first suit is warranted because the 2005 suit may potentially suffer from timeliness problems.

Under the circumstances, we find that the proper course is to vacate the district court's denial of First Penn-Pacific's Rule 60(b) motions, with instructions to hold those motions in abeyance pending a determination on the viability of the new 2005 suit. The

5

potential timeliness issues affecting the 2005 suit are not before us, and have neither been briefed nor argued here. If these defenses to the 2005 suit fail and that suit is allowed to go forward, reopening of the 2001 suit becomes a moot issue. It would thus be premature to address a potentially difficult Rule 60(b) question at this time.

On remand, then, the district court must first determine whether the 2005 suit may proceed. If it resolves this question against First Penn-Pacific, it should then revisit First Penn-Pacific's Rule 60(b) motions pertaining to the original 2001 suit. Should an appeal become necessary, these issues may be best considered in tandem rather than in piecemeal fashion.

The judgment of the district court is therefore

VACATED AND REMANDED WITH INSTRUCTIONS.